**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE EMANUEL SUAZO-ALVARADO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03394-SHL-tmp |

**ORDER GRANTING PETITION**

On October 21, 2026, Petitioner Jose Emanuel Suazo-Alvarado filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without an individualized bond hearing in the West Tennessee Detention Facility. He seeks immediate release from Respondent's custody. (Id. at PageID 56.) Respondent responded on November 4. (ECF No. 8.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 108.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Suazo-Alvarado, a citizen of Honduras, entered the U.S. on an unknown date, but has resided in the United States continuously since at least May of 2025. (Id.) On May 4, 2025, Suazo-Alvarado was placed in full immigration proceedings, but later, on June 9, 2025, he was released from immigration custody after posting a $10,000.00 bond. (Id.; ECF No. 1 at PageID

10.) On October 19, 2026, Petitioner was arrested when he appeared at a scheduled check-in at an Alternative-to-Detention office in Nashville, Tennessee. (ECF No. 8 at PageID 108; ECF No. 1 at PageID 2.) Respondent states that Petitioner was arrested under 8 U.S.C. § 1226 and 8 U.S.C. § 1357. (ECF No. 8 at PageID 109.) Petitioner seeks immediate release from Respondent's custody. (ECF No. 1 at PageID 56.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 8 at PageID 108.) Respondent maintains that "[t]he Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 109.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 109–11.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009,

at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 4th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE